Case 2:11-cr-20036-PKH   Document 17   Filed 11/23/11   Page 1 of 3 PageID #: 48

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

NOV 23 2011

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff ) | |
| ) | No. 2:11CR20036-001 |
| v. ) | |
| ) | |
| ) | |
| RYAN SHAW ) | |
| Defendant ) | |

## PRELIMINARY ORDER OF FORFEITURE

On June 29, 2011, a Grand Jury sitting in the Western District of Arkansas returned a four-count Indictment against the defendant charging him in Count 3 with a violation of Title 21 U.S.C. § 841(a), and in Count 4 with Title 18 U.S.C. § 924(c)(1)(A), and the Indictment contained a forfeiture allegation. (Doc. 1).

In the forfeiture allegation of the Indictment, the United States seeks forfeiture, pursuant to Title 18 U.S.C. §§ 924(d) and 3665, the firearms and ammunition used in Count 4, specifically a Winchester model 1200, 12 gauge shotgun, serial number L674867. Id.

On August 30, 2011, the defendant pleaded guilty to Counts 3 and 4 of the Indictment. Pursuant to a written plea agreement entered into by the parties, the defendant has agreed to forfeit all right, title and interest to the following asset which was involved in Count 4, specifically a Winchester model 1200, 12 gauge shotgun, serial number L674867. (Doc.14)

Pursuant to the plea agreement, the defendant consented to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea. The defendant further agrees that upon entry of the preliminary order of forfeiture, such order will be considered final as to defendant's interests in the property(ies). The defendant agreed to immediately withdraw any claims to

property(ies) seized in connection with this case in any pending administrative and civil forfeiture proceeding, and consented to the forfeiture of all properties seized in connection with this case to the United States. The defendant agreed to execute any and all documents requested by the Government to facilitate or complete the forfeiture process(es.) The defendant further agreed not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case. Id.

Pursuant to the plea agreement, the defendant agreed to consent to the entry of orders of forfeiture for such property and waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledged that he understood that the forfeiture of assets is part of the sentence that may be imposed in this case and waived any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. Id.

Pursuant to the plea agreement, the defendant further agreed to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with the plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agreed to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant also agreed that the forfeiture provisions of the plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. Id.

Accordingly, it is hereby ORDERED, DECREED AND ADJUDGED:

1. That based upon the guilty plea of the defendant, and the plea agreement of the parties, the following asset shall be forfeited to the United States:

A Winchester model 1200, 12 gauge shotgun, serial number L674867

2. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States is authorized to seize any specific property that is subject to forfeiture as set forth herein in this order and the plea agreement, to conduct any discovery the Court considers proper in identifying, locating or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights.

3. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States shall publish notice of this order pursuant to Fed. R. Crim. P. 32.2(b)(6).

5. That upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(c), in which all interests will be addressed.

IT IS SO ORDERED this 23rd day of November, 2011

_____
HONORABLE P. K. HOLMES, III
UNITED STATES DISTRICT JUDGE